IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                CRIMINAL NO.  04-217 (ADC)(HRV)

[3] EDWIN ROMAN MALPICA-GARCIA,

Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court are two motions filed by *pro se* defendant Edwin Roman Malpica-Garcia (hereinafter "Mr. Malpica-Garcia") seeking a reduction of his sentence pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 551, 554).  Both motions have been referred to me for report and recommendation. For the reasons outlined below, I recommend that they be DENIED.

### *Background*

By way of superseding indictment returned by the grand jury on July 6, 2005, Mr. Malpica-Garcia was charged in three counts.  (Docket No. 137).  Count one charged Mr. Malpica-Garcia and others with a conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371. (*Id.*)  Count two alleged that all co-defendants aided and abetted each other in committing a bank robbery on or about May 14, 2004, in violation of 18 U.S.C. §§ 2113(a) and 2. (*Id.*)  Count three charged Mr. Malpica-Garcia

1

and his co-defendants with aiding and abetting each other in possessing, carrying, and using a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. §§ 924(c) and 2. (*Id.*)  It was specifically alleged that on May 14, 2004, Mr. Malpica-Garcia and one of his co-defendants entered the BBVA Bank Cataño branch, and using firearms, assaulted two persons and took approximately $230,747 from the bank. (*Id.*)

On August 1, 2005, Mr. Malpica-Garcia pleaded guilty to the three counts in which he was named via straight plea, that is, without a plea agreement with the government. (Docket No. 165).  He was originally sentenced on January 11, 2006, as follows:  sixty months of imprisonment as to count one, 280 months of imprisonment as to count two, and 84 months of imprisonment as to count three. (Docket Nos. 229, 231).  The sentences as to counts one and two were ordered to be served concurrently with each other, but consecutively to the sentence imposed as to count three. The total imprisonment term imposed was 364 months. (Docket No. 231 at 2). Mr. Malpica-Garcia was also ordered to serve a total of five year in supervised release.

Mr. Malpica-Garcia appealed from the judgment and sentence imposed.  (Docket No. 234).   The government conceded sentencing error and the Court of Appeals remanded for re-sentencing. (Docket No. 324).  On March 2, 2007, Mr. Malpica-Garcia was re-sentenced to a total term of imprisonment of 284 months and five (5) years of supervised release. (Amended Judgment, Docket No. 437).  The First Circuit affirmed. (Docket No. 468).

On November 4, 2022, Mr. Malpica-Garcia moved the Court for compassionate release. (Docket Nos. 543 and 545).  The Court denied these motions on March 23, 2023. (Docket No. 549).  The defendant has filed two additional motions for compassionate

release.  One was filed on November 28, 2023 (Docket No. 551) and the second on January 24, 2024. (Docket No. 554).  The presiding District Judge referred both motions to me for report and recommendation on February 23, 2024. (Docket No. 556).

### *Applicable Law and Discussion[1]*

In his motion for compassionate release at Docket No. 551, Mr. Malpica-Garcia requests early release to supervision to a Christian transitional housing facility in Lubbock, Texas, known as Kingdom Towers.  In support of his requests, he argues that there are six separate extraordinary and compelling reasons warranting compassionate release.  First, Mr. Malpica-Garcia submits that he has a serious health condition that is life-threatening.  Second, he claims that he has completed many courses while serving his sentence at BOP.  Third, that he is a Residential Drug Abuse Program (RDAP) participant, but that such drug rehabilitation program is not adequate to address his drug use and other mental health conditions; thus, he needs access to better treatment in the community.  Fourth, Mr. Malpica-Gracia asserts that due to prison violence, he has endured trauma that has resulted in him suffering from a mental illness that the prison system is ill-equipped to handle.  Fifth, that he is a medication assisted treatment (MAT) inmate who is receiving the prison suboxone monotherapy to maintain sobriety.  And

---

[1] There is no indication that Mr. Malpica-Garcia has exhausted administrative remedies prior to again moving the court for compassionate release. In any event, the exhaustion requirement is not a jurisdictional bar; rather, it is a mandatory claim processing rule. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022)("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . ."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted).  In this case, by not responding to the defendant's motions, the government has waived any argument regarding failure to exhaust.  I will, therefore, enter to consider the merits of defendant's arguments.

1    sixth, that he is a changed man, a role model ready to re-enter society and re-establish

2    family ties.

3         Mr. Malpica-Garcia also asserts without much analysis that recent Second

4    Amendment decisions support the court reducing the sentence for his § 924(c) count of

5    conviction from 84 to 60 months and that he is eligible for a reduction of sentence under

6    the recent retroactive amendments to the sentencing guidelines.  Lastly, at Docket No.

7    554, he asks the Court to immediately release him because he has been diagnosed with

8    terminal prostate cancer and is dying.  In both motions, the defendant requests the

9    appointment of counsel.[2]

10        The so-called compassionate release statute allows a court acting on a defendant-

11   filed motion—as long as such reduction is consistent "with applicable policy statements

12   issued by the Sentencing Commission"—to

13
             reduce the term of imprisonment (and... impose a term of
14           probation or supervised release with or without conditions
             that does not exceed the unserved portion of the original term
15           of imprisonment), after considering the factors set forth in
             section 3553(a) to the extent that they are applicable, if it finds
16           that—(i) extraordinary and compelling reasons warrant such
             a reduction . . . .
17
18   18 U.S.C. § 3582(c)(1)(A)(i).  This statute is one of the very few exceptions to the rule that

19   once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*,

20   10 F.4th 1, 3 (1st Cir. 2021).

21
22
23
24
25
_____

26   [2] Defendants have no automatic right to counsel in post-conviction proceedings. *See Pennsylvania v.*
     *Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).  I find that appointment of counsel is
27   not necessary in this case to resolve any complex legal or factual issues related to the merits of Mr. Malpica-
     Garcia's motion.

28

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that is beyond the mine-run either in fact or in degree . . . .  By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022).  Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

It is imperative to note that the Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023). Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason. *United States v. Quiros-Morales*, 83 F.4th at 84.

In the policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and if the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6). Relevantly, the policy statement provides that:

> Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d).

After careful consideration, I find that Mr. Malpica-Garcia has not established the existence of extraordinary and compelling reasons to justify a reduction of his sentence.

The reasons he has advanced can be fairly divided into two categories:   medical conditions and post-sentence rehabilitation.  As to the medical conditions asserted, both physical and mental, Mr. Malpica-Garcia fails to meet his burden to show that they rise to the level of extraordinary and compelling reasons.  The policy statement provides that medical circumstances can be extraordinary and compelling reasons to grant release when the defendant suffers from a terminal illness or other serious conditions "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B).

In this case, Mr. Malpica-Garcia asserts in conclusory fashion that he is dying of prostate cancer and that he suffers from mental-health conditions that the BOP cannot adequately manage.  But he fails to submit any evidence in the form of medical records, or otherwise, to put the court in a position to assess the severity of his medical conditions. *See United States v. Salazar-Valenzuela*, No. CR-11-02310-002-PHX-DGC, 2022 WL 16635330, 2022 U.S. Dist. LEXIS 199777 at *5 (D. Ariz. Nov. 2, 2022)(noting that the lack of medical records precludes a finding of extraordinary and compelling reasons); *see also United States v. Kent*, No. 20-cr-00912-GPC, 2021 WL 3913360, 2021 U.S. Dist. LEXIS 166075 (S.D. Cal. Sept. 1, 2021)(the absence of medical records made it difficult for the court to evaluate the severity and manageability of the asserted medical conditions.)

As to his rehabilitation, while commendable, the policy statement specifically precludes a finding of extraordinary and compelling reasons on said grounds standing alone.  Rehabilitation may be considered in combination with other circumstances.  But

as stated above, Mr. Malpica-Garcia falls short of establishing extraordinary and compelling reasons. The claim about the Second Amendment fares no better. It is an undeveloped argument, and not an intervening change in the law recognized by the policy statement or the caselaw as sufficient to warrant compassionate release.

Finally, I find that even assuming the existence of extraordinary and compelling reasons, a modification of Mr. Malpica-Garcia's sentence would be inconsistent with the § 3553(a) factors. He participated in a bank robbery in which he brandished a firearm and assaulted two persons before taking a large sum of money from the bank. He was determined to be a career offender given prior convictions for crimes of violence. (Sentencing and re-sentencing hearing transcripts, Docket Nos. 251 and 459). Thus, the seriousness of the offense, the need to provide just punishment, the need to protect the public, and the need to promote respect for the law weigh heavily against his early release. *See United States v. Martinez*, No. 2:18-cr-00089-JAW, 2023 WL 3305674, 2023 U.S. Dist. LEXIS 79444 at *29 (D. Me. May 8, 2023).

### *Conclusion*

In view of the above, I recommend that the motions for compassionate release at Docket Nos. 551 and 554 be DENIED.[3]

---

[3] The defendant made a general claim that he is entitled to relief under the recent retroactive amendments to the sentencing guidelines—Amendment 821. It is doubtful that Mr. Malpica-Garcia would be eligible for relief under Amendment 821 as he was determined to be a career offended under U.S.S.G. § 4B1.1 triggering a Criminal History Category of VI. If defendant understands he is eligible for relief under Amendment 821, he should file a separate motion so that the procedures established in Administrative Directive, Misc. 23-mc-565 (RAM) can be followed to determine his eligibility.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 19th day of March, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
